IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>SCOTT JAMES,<br>    Defendant. | 2:11-cr-00208-GEB<br><br>RULING RE APPLICATION OF<br>OBSTRUCTION OF JUSTICE<br>ENHANCEMENT IN SENTENCING |

        A sentencing evidentiary hearing was held on August 30, 2012. The evidentiary hearing concerned the government's contention that Defendant Scott James' July 6, 2012 Sentencing Memorandum, and James' handwritten letter attached thereto (ECF No. 37), contained falsehoods.

        On July 20, 2012, the government filed a Reply to James' July 6th Sentencing Memorandum and letter, in which it argues James lied to the Court in claiming: "he (1) has lived a 'law-abiding life' since his release in 1998; (2) maintained 'gainful employment as a physician's assistant'; and (3) 'presents a very low probability of future criminal conduct.'" (ECF No. 40, 1:19-25.) The government contends that contrary to James' representations, "(1) defendant has committed innumerable crimes since his release; (2) his claims of employment are false and/or based on fraud; and (3) . . . defendant would continue to evade the law through fraud and identity theft." Id. at 1:24-2:1.

After reviewing the government's July 20th filing, the following Rule 32(h) Notice issued:

> The parties are notified under Rule 32(h) of the Federal Rules of Criminal Procedure that the Court "may depart from the applicable sentencing range" and/or increase Defendant's offense level based upon the alleged misstatements contained in Defendant's handwritten letter filed in support of his Sentencing Memorandum (ECF No. 37-1). Application of Sentencing Guideline 3C1.1 (Obstruction of Justice) and/or the corresponding unavailability of Sentencing Guideline 3E1.1 (Acceptance of Responsibility) are being considered in connection with the referenced alleged misstatements.

(ECF No. 45.)

James filed a response to the Rule 32 Notice on August 8th, in which he argues "application of U.S.S.G. § 3C1.1 and/or unavailability of U.S.S.G. § 3E1.1, amount to collateral issues wholly unrelated to the instant offense" and should not be used to depart upward in this case. (ECF No. 47, 2:15-24.) James also argues "the evidence to which the government points has no materiality . . . because 'the issue under determination,' the charged offense, has been resolved by means of Mr. James' unconditional guilty plea[,]" and "[t]he Court should adjust Mr. James' guideline range downward for acceptance of responsibility." Id. at 6:5-8, 7:4-5.

The government filed a reply to James' response on August 9th, in which it states, inter alia:

> Here, defendant wrote in his own hand a letter asking the Court for a lower sentence based on his 'exemplary record,' his professional accomplishments, and service to his country. By his own attempt to get a lower sentence through these lies, defendant renders his statements material and thus subject to the obstruction adjustment.

(ECF No. 48, 4:6-11.) Further, the government rejoins:

2

> Based on defendant's lies to the Court and the corresponding necessity to investigate these lies, the government does not move for the third point of acceptance of responsibility under subsection (b). Specifically, defendant's representations have caused the government to contact various businesses and institutions, who have all confirmed that the statements in defendant's letter (filed July 6, 2012) are false.

Id. at 4:13-20.

At the August 30th evidentiary hearing, the government presented evidence through the testimony of Federal Bureau of Investigation ("FBI") Special Agent Brian Toy, who investigated statements James made in his July 6th handwritten letter. The government also moved for admission of the documents filed as pages 7 through 15 of ECF No. 40-1. The documents were offered in part to disprove statements in James' July 6th handwritten letter. Defendant's objection to the admission of this evidence was overruled. See United States v. Schwindt, 378 Fed. Appx. 721, 723 (9th Cir. 2010) ("Hearsay testimony may be considered [in sentencing]. . . as long as the information has sufficient indicia of reliability to support its probable accuracy."). The Court realized after the hearing that what the government moved into evidence is sealed, but a redacted version of the evidence has been filed on the public docket as ECF No. 42-1. Therefore, pages 7 through 15 of the redacted version (ECF No. 42-1) are substituted in place of the sealed, unredacted version (ECF No. 40-1).

Ultimately, what was at issue at the August 30th evidentiary hearing were James' representations in his July 6, 2012 letter that he was the "Dean of Medicine" at College America and Kaplan University and that his "record for the past twenty-four (24) [years] has been exemplary." See ECF No. 37-1 at pages 2-3.

The record evinces that James never held the title "Dean of Medicine." The FBI interviewed representatives of Kaplan and College America who denied James was ever employed as "Dean of Medicine." The FBI also found that James misrepresented to Kaplan in his employment application that he was not a convicted felon, and that he was in the military "Feb 1994-Mar. 1998," when he was in fact in prison at that time. See ECF No. 42-1, at 7, 13.

The FBI's investigation into James' background also revealed that he materially misrepresented to the Probation Officer that he is a licensed physician's assistant. See PSR at 10-11. Mr. Troy testified that he did not find in existence any physician's assistant licensing for James under any version of his name in any of the four states where the FBI believed James had lived.

The referenced willful, material misstatements in James' handwritten letter concerning his past employment as "Dean of Medicine" and his "exemplary" record justify increasing his offense level by two levels under § 3C1.1 for Obstruction of Justice.

U.S.S.G. § 3C1.1 provides in relevant part: "[i]f . . . the defendant willfully . . . attempted to obstruct or impede, the administration of justice with respect to the . . . sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . increase the offense level by 2 levels." Application note 4 to this enhancement provides a non-exhaustive list of conduct to which it applies, which includes "providing materially false information to a judge or magistrate judge[.]"

James' referenced misstatements constitute materially false information, since if believed, they would tend to influence or affect

how I exercise my sentencing discretion under 28 U.S.C. § 3553 (a), which is the issue under determination. The Eighth Circuit in <u>U.S. v. Rickert</u>, 685 F.3d 760, 767-67 (8th Cir. 2012), addressed a somewhat analogous situation when it considered the defendant's argument that the court erred by imposing a two-level sentencing enhancement for obstruction of justice, based on forged letters Defendant submitted to the trial court with his sentencing memorandum. Defendant argued the letters were not material, and therefore their submission did not trigger an enhancement under U.S.S.G. § 3C1.1. The Eighth Circuit concluded the district court "properly applied the enhancement" because the fraudulent letters concerned information relevant to the court's consideration of § 3553 factors, which "could have affected both the length of Defendant's sentence and the recommended conditions of his imprisonment." <u>Id.</u>

The Ninth Circuit in <u>U.S. v. Hernandez-Ramirez</u>, 254 F.3d 841, 844 (9th Cir. 2001) also supports application of the enhancement:

> Finally,[Defendant] maintains that the adjustment could not have been applied because there is no relationship between the underlying offenses-violating the United States Tax Code-and the conduct supporting the adjustment-omitting material information on a financial affidavit submitted to a magistrate judge. However, nothing about the amendment to § 3C1.1 suggests that it was intended to add a requirement that the obstructive conduct relate substantively to the offense of which the defendant is convicted. As we have previously recognized, the amendment was intended to clarify what 'instant offense' in the original version of the guideline meant. Its purpose was to resolve a then-existing circuit split, and to expand the types of obstructive conduct warranting an adjustment to include obstructions in closely related cases. The examples set forth in the commentary remain the same as before the amendment, including the type of conduct set out in Application Note 4. As discussed, in light of this commentary, we have often held that providing false information to probation officers suffices. Just as that conduct relates to sentencing of the offense,

5

|  |  |
|---|---|
| 1 | providing a false financial affidavit to a magistrate judge to obtain legal representation relates to prosecution of the offense. Therefore, the district court did not err by enhancing [Defendant's] sentence for having obstructed justice. |
| 2 | |
| 3 | |
| 4 | |

For the stated reasons, the two level Obstruction of Justice enhancement under § 3C1.1 was imposed.

Dated: August 31, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge